J. Q. WEST, Respondent, v. CREVE CŒUR LAKE ICE COMPANY, Appellant.

### St. Louis Court of Appeals, November 24, 1885.

APPELLATE PRACTICE—REMITTITUR ON APPEAL.—On appeal from a judgment for the plaintiff on three counts, the first two of which are not supported by substantial evidence, the judgment will be reversed, and the cause remanded, unless the plaintiff will remit the amount found on the first two counts.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed nisi.*

EBER PEACOCK, for the appellant.

R. H. STEVENS, JR., and W. F. BROADHEAD, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The petition contains three counts. The first is for damages for refusing to permit the plaintiff to furnish the defendant with one hundred and four piles according to the terms of a contract between them; the second is for damages for refusing to permit the plaintiff to drive seventy-nine piles according to the terms of a contract between them; and the third is for the reasonable value of the use and occupation by the defendant of certain pontoons belonging to the plaintiff.

The jury found a verdict for the plaintiff on each count. A judgment was entered for the aggregate amount so found.

We have gone over the record with care, and can see no substantial evidence to support the verdict on the first and second counts. The evidence is clear to the effect that plaintiff's contract was with H. A. Stephens, and that Stephens did not profess to make the contract as agent for anyone. The plaintiff adduced no evidence tending to show that Stephens was in fact contracting in behalf of the defendant, except that the defendant was, at the time of the contract, the owner of the land on which the improvement, which required the driving of the piles, was made, and that Stephens was acting as the general agent of the defendant touching its business. But this might well be, and yet be entirely consistent with the fact that Stephens may have been contracting for some other principal. That the evidence is consistent with such a state of facts, is thrown into very clear light by the testimony offered by the defendant. This testimony was distinctly to the effect that the defendant was not making the improvement at all which required the driving of the piles, but that the improvement was being made for another corporation, the Laclede & Creve Cœur Railroad Company, and that the money which was paid for it was, in point of fact, advanced by the Missouri Pacific Railway Company, which, by a subsequent arrangement, became possessed of the Laclede & Creve Cœur Railroad, and also of this property where the piles were driven, which was at the terminus of the railroad at Creve Cœur Lake. It seems unnecessary to go into this evidence with further detail. The plaintiff gave no substantial evidence connecting the defendant with the contract; the defendant gave an overwhelming amount of evidence, none contradicted, or discredited, so far as we can see, showing that it had nothing to do with the contract.

The circumstance that Stephens rendered an account to the plaintiff on a bill-head of the defendant was not

competent evidence tending to show that Stephens made the contract on behalf of the defendant. At most, it was a declaration, or admission, of Stephens to that effect, and it is settled law that agency can not be proved by the declarations of the agent alone. But it was shown to have been due to the accidental circumstance that the accounts of the defendant were kept in the same office with those of Stephens, and by the same clerk, and that Stephens had no long bill-heads, upon which such an account could be conveniently made out. Perhaps it ought to be added that it showed that the plaintiff was indebted to the defendant. Aside from what is said above, the evidence tended to show that the plaintiff had been paid for all the work he ever did for Stephens, and more, and had written a letter to Stephens acknowledging this fact, and acknowledging his indebtedness to Stephens.

The jury found for the plaintiff on the first count in the sum of one hundred and ten dollars ; on the second count in the sum of three hundred and ten dollars ; and on the third count in the sum of one hundred dollars, making a total sum of five hundred and twenty dollars, for which judgment was entered. If the plaintiff will, within ten days after the filing of this opinion, enter in this court a *remittitur* of four hundred and twenty dollars of this judgment, it will be affirmed as to the residue, namely, one hundred dollars, the defendant recovering the costs of this appeal.

If this *remittitur* is not filed within the time stated, judgment will be entered reversing the judgment of the circuit court and remanding the cause. It is so ordered. All the judges concur.